UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RICHARD BULLION, JR. AND SARAH BULLION** *Plaintiffs,* | § § § | CIVIL ACTION NO. _____ |
| **v.** | § § § | JUDGE _____ |
| **STATE FARM FIRE & CASUALTY COMPANY** *Defendant.* | § § § § | MAG. JUDGE _____ |

## COMPLAINT FOR DAMAGES

TO THE HONORABLE JUDGE OF SAID COURT:

RICHARD BULLION, JR. AND SARAH BULLION ("Plaintiffs"), hereby file this Complaint for Damages against STATE FARM FIRE & CASUALTY COMPANY, ("Defendant"), and would respectfully show as follows:

### I. PARTIES

1. Plaintiffs, Richard Bullion and Sarah Bullion, are both persons of the full age of majority domiciled at 19505 River Breeze Dr., Baton Rouge, LA 70816-3611 in East Baton Rouge Parish.

2. Defendant, State Farm Fire & Casualty Company, is a foreign insurance company, organized and headquartered in the State of Illinois and authorized to do and does business in the State of Louisiana. Defendant's principal place of business is located at One State Farm Plaza, Bloomington, IL 61710. Defendant may be served through its registered agent for service of process, Nancy Landry, Secretary of State of Louisiana, 8585 Archives Avenue, Baton Rouge, Louisiana, 70801.

## II. JURISDICTION

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332 and §1441 because complete diversity of citizenship exists between the parties and because the amount in controversy is greater than the minimum jurisdictional amount of $75,000.00.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper in the Middle District of Louisiana, because the property that is the subject of this action and where the damages were sustained occurred within the Middle District of Louisiana.

5. This Court has personal jurisdiction over Defendant because Defendant has continuous and systematic business activities in Louisiana and this judicial district. Upon information and belief, Defendant's business activities include, among other things, executing contracts of insurance with various Louisiana based entities and consumers.

6. This Court has subject matter jurisdiction because an actual case or controversy exists between the parties, as is evidenced by the facts and circumstances described herein. Plaintiffs are, therefore, entitled to bring this action in this Court.

## III. FACTUAL BACKGROUND

7. On or around March 4, 2025, a severe windstorm brought damage to the Baton Rouge, LA area.

8. Like many others in the area, the storm caused severe damage to Plaintiffs' residence and property.

9. Thankfully, Plaintiffs contracted with Defendant to insure their residence located at 19505 River Breeze Dr., Baton Rouge, LA 70816-3611 ("Property").

10. The Property is covered under a policy issued by Defendant with policy number Policy Number 18-CPE2-831 ("Policy"). The Policy was in full effect during the period of April

11, 2024, through April 11, 2025. Defendant assessed, or should have assessed the risk, and provided coverage following its evaluation of the Property.

11. Plaintiffs entered into the contract of insurance with Defendant with the reasonable expectation that in return for the payment of the premium, Defendant would abide by the terms of their policy and pay for any covered losses that may occur.

12. As a result of the storm, Plaintiffs' Property suffered extensive damage. The Property sustained significant damage to the roof and the interior of the Property.

13. Plaintiffs promptly and timely submitted an insurance claim shortly after the weather event. Defendant assigned Claim Number 18-81R7-12D.

14. Defendant assigned an adjuster to inspect the loss. Defendant's adjuster found storm related wind damage to the Property, but noted it was less than Plaintiffs' $2,962.00. State Farm did not issue any payments on the claim.

15. Plaintiffs reached out to local contractors in an attempt to repair the damage to their roof. Unfortunately, local contractors were unwilling and unable to perform the repairs in the manner and cost suggested by Defendant.

16. Plaintiffs then retained the undersigned counsel. Plaintiffs also retained a building consultant to inspect the property and provide an estimate and loss report of the damage.

17. Plaintiffs' building consultants, Dupont Claim Services inspected the property and determined there was significant damage caused by the storm event. Specifically, Dupont estimated the damage totaled $57,246.74. This included a roof replacement estimate provided by a local roofing contractor.

18. Plaintiffs provided this information, estimate, and loss report to Defendant.

19. Defendant did not request an additional inspection or any additional information.

20. Plaintiffs additionally sent a cure letter to Defendant on October 7, 2025. Defendant again responded merely stating they were maintaining their original position and that certain damage appeared to be wear and tear related.

21. Defendant has not detailed or explained what specific damages appear to be wear and tear versus wind damage.

22. Defendant has not explained how a partial roof repair will adhere to local code requirements.

23. Defendant has not provided photographs from its adjuster that it relied upon to make the claim determinations, despite being requested to do so.

24. Louisiana law provides claims handling timelines which are strictly construed.

25. Effective July 1, 2024, the Louisiana Legislature repealed La. R.S. 22:1973 and amended La. R.S. 22:1892 to create La. R.S. 22:1892.2, governing claims handling practices in catastrophic loss claims.

26. Under §1892.2(A), insurers must transmit payment of the amount of any claim due within 60 days of satisfactory proof of loss for residential property.

27. Defendant received satisfactory proof of loss no later than March 18, 2025, when its own adjuster inspected the property, and again upon receipt of Plaintiffs' independent estimate and demand in August 2025.

28. Despite receiving all information reasonably required to make a proper claim determination, Defendant failed to transmit payment within 60 days.

29. In compliance with their duties, Plaintiffs have cooperated with Defendant and its consultants, making the property fully and completely available for the viewing of the physical loss evidence.

30. Plaintiffs have retained consultants and the below signed counsel in an effort to resolve this dispute.

31. As a result of Defendant's failure to timely and adequately compensate Plaintiffs for their substantial losses, the Property remains in a state of disrepair. Plaintiffs are still unable to make adequate repairs to restore the Property to pre-loss condition.

32. Plaintiffs have incurred and/or will incur additional expenses in restoring the property as a result of Defendant's failure to timely compensate Plaintiff for the substantial covered losses.

## IV.    CAUSES OF ACTION

**A.    Breach of Contract**

33. Plaintiffs incorporate paragraphs 1 – 32 herein.

34. An insurance contract, the Policy, exists between Plaintiffs and Defendant.

35. The Policy provides replacement cost coverage for perils including hail and wind damage.

36. Despite having received satisfactory proof of loss for damage caused by the Storm, Defendant failed to timely adhere to the terms of contract and refused to tender adequate insurance proceeds pursuant to the Policy.

37. Defendant wrongfully failed to comply with the terms of the contract by failing to accept coverage and pay for a covered loss.

38. Defendant further failed to adhere to the appraisal provision of the Policy. Defendant is therefore in breach of the contract of insurance issued to Plaintiffs.

39. By misrepresenting the terms and conditions of the Policy, Defendant breached the Policy.

40. By failing to conduct the claims handling for Plaintiffs' claim in good faith and with fair dealing, Defendant breached the Policy.

41. Plaintiffs have suffered and continue to suffer damage as a result of these breaches of the Policy.

42. In addition to amounts reflected in proofs of loss (estimates) already received by Defendant, Plaintiffs are entitled to recover for all amounts due under the policy that remain unpaid, including expenses incurred to repair the Property and other structures, as well as additional damages that may be incurred performing the repairs, including debris removal, temporary repairs and mitigation expenses, expenses incurred due to the enforcement of any ordinance or law, and any other relevant coverage, less any prior payments and any applicable deductible.

**B.    Claims for Violations of La. R.S. 22:1892.2 and 22:1892(A)(4), (I)**

43. Plaintiffs incorporate paragraphs 1 – 42 herein.

44. Defendant received satisfactory proof of loss no later than March 18, 2025, when its own adjuster inspected the property, and again upon receipt of Plaintiffs' independent estimate in August 2025. Despite these proofs of loss, Defendant failed to transmit payment within 60 days.

45. Under §1892.2(B)(1), such failure, when arbitrary, capricious, or without probable cause, subjects the insurer to a penalty of 50% of the amount due (or the difference between the amount timely tendered and the amount due, if partial payment was made), or $2,500, whichever is greater, plus economic damages, reasonable attorney's fees, and costs.

46. Defendant's refusal to timely tender was arbitrary, capricious, and without probable

cause, given that: Defendant's initial estimate was unreasonably low, designed to avoid payment under the deductible; Plaintiffs provided a professional, detailed, third-party estimate and supporting documentation; Defendant ignored requests for re-inspection or reconsideration; and Defendant failed to issue a denial letter or provide any meaningful communication regarding its adjustment.

47. Additionally, Defendant has violated §22:1892(A)(4) and (I) by failing to make a written settlement offer within thirty (30) days of receiving satisfactory proof of loss.

48. Pursuant to §1892.2(C), Plaintiffs have provided a cure period notice affording Defendant 60 days to cure its violations. If Defendant fails to pay the full amount due within the cure period, Plaintiff is entitled to pursue penalties and attorney's fees as authorized by statute.

## JURY TRIAL DEMAND

Plaintiffs hereby request a jury trial.

**WHEREFORE**, after due proceedings hereon, Plaintiffs pray for judgment in its favor against Defendant finding Defendant in breach of both the insurance policy and its statutory obligations and therefore liable unto Plaintiffs for all amounts due under the policy, as well as statutory penalties, damages, attorneys' fees, interest and costs. Plaintiffs further pray for all orders and decrees necessary in the premises, and for full, general and equitable relief.

*(Signature page to follow)*

Date: March 3, 2026.

                                  Respectfully submitted:

**BARCUS ARENAS, PLLC**

*/s/ Michael Barcus*
Michael Barcus, LA Bar No. 38979
2200 N. Loop W. Suite 108
Houston, Texas 77018
Direct: (832) 216-6691
Facsimile: (888) 441-4177
michael@barcusarenas.law
daniele@barcusarenas.law

***Attorney for Plaintiffs***